Filed 1/4/23  P. v. Cry CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
## THIRD APPELLATE DISTRICT
(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C095493 |
| Plaintiff and Respondent, | (Super. Ct. No. 14F05904) |
| v. | |
| KAVON WILLIAM CRY, | |
| Defendant and Appellant. | |

This case comes to us for the second time on appeal.  Defendant Kavon William Cry[1] appeals the trial court's order denying his request to strike a 25-year firearm enhancement under Penal Code[2] section 12022.53, subdivision (d).  Defendant contends the trial court abused its discretion in refusing to strike the term for the firearm enhancement because the court failed to properly consider relevant factors under

---

[1]    Defendant's name is listed several different ways throughout the record.  While the notice of appeal lists defendant's name as "Kavon Cry," the original abstract of judgment and the corrected minute orders use "Kavon William Cry"; we use the latter name in this opinion.

[2]    Undesignated section references are to the Penal Code.

1

amended section 1385, which became effective on January 1, 2022. Defendant further contends remand is required so the trial court can consider additional mitigating factors included in the amended California Rules of Court. Finding defendant was not entitled to the application of amended section 1385, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In October 2014, defendant and two codefendants were involved in a "drug rip gone bad," during which defendant shot and killed victim Marquail H. Defendant was eighteen years old at the time.

In 2016, a jury convicted defendant of murder and attempted robbery, finding true a robbery-murder special-circumstance allegation. The jury also found defendant personally discharged a firearm causing great bodily injury or death. The trial court sentenced defendant to life without the possibility of parole, with a consecutive term of 25 years to life for the firearm enhancement.

In 2020, we affirmed defendant's conviction but remanded the case to the trial court for resentencing, finding Senate Bill No. 620 (2017-2018 Reg. Sess.) (Stats. 2017, ch. 682, §§ 1-2) applied retroactively to defendant. Senate Bill No. 620, which became effective January 1, 2018, amended sections 12022.5 and 12022.53 to give trial courts discretion to strike firearm enhancements in the interest of justice. Because defendant's sentence was not yet final, we remanded the matter so the court could consider whether to exercise its discretion to strike the firearm enhancement under the amended law. (See *In re Estrada* (1965) 63 Cal.2d 740, 745.)

Following remand, defendant filed pleadings arguing his youthfulness and childhood trauma—including parental neglect and repeated exposure to violence—supported striking the enhancement. The prosecution filed responsive pleadings urging the trial court not to strike the enhancement, arguing the additional term corresponded with his involvement in the offense and the factors supporting the enhancement outweighed mitigating circumstances.

2

A hearing was held on December 17, 2021.  At the start of the hearing, defense counsel moved to continue the hearing to January 2022 due to changes to section 1385 set to take effect on the first of the month, pursuant to Senate Bill No. 81 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 721, § 1).  The court denied the request, but said it was aware of the impending changes to section 1385 and its decision would comply with both the amended and current law.

The court said it had reviewed the pleadings that had been filed, and then heard victim impact statements.  Both the prosecution and defense submitted the matter on their pleadings.  The court then declined to strike the firearm enhancement, finding the sentence originally imposed was just, and it "would not be just to strike the enhancement, nor the punishment for that enhancement."

In making its ruling, the court explained it had considered factors set forth in the California Rules of Court sections regarding general objectives of sentencing, circumstances in aggravation, and circumstances in mitigation.  The court also stated it had considered the changes to section 1385, noting under the amended law, "in exercising its discretion [to dismiss an enhancement in the furtherance of justice], the court shall consider and give and afford great weight to evidence offered to prove any of the mitigating circumstances" listed in subdivision (c), in subparagraphs (A) through (I). The court stated it had "considered those factors."

Then the court found the only factor that could apply to defendant would be that the "enhancement could result in a sentence of over 20 years," but that "even if that factor does apply, and even giving that great weight," there would still exist  "a likelihood that [dismissal] would result in physical injury or serious danger to others, based on the severe conduct that [defendant] committed back when he committed this crime."  (See § 1385, subd. (c)(2).)  Although defendant would be serving life without parole with or without the firearm enhancement, the court nonetheless found defendant

3

still posed a danger to public safety based on his conduct, and the sentence "doesn't diminish and take away from the dangerousness of his behavior."

The court also noted the "very strong language from the original sentencing court," when it said: " 'There's no doubt in the court's mind that this was a premeditated cold and calculated killing. The defendant was 18 years old at the time, and I have no doubt that he was aware of his actions and what he was doing was wrong on so many levels.' " The court then said it had made the same finding, additionally remarking, "The firearm in this matter was just simply used in the most lethal manner that a firearm could be used. This is exactly why the law is on the books and why this enhancement is in place. It is the use of the firearm that ended [Marquail H.]'s life at the young age of 25. [Defendant] deliberately shot [Marquail H.] in the head for a robbery and just left him there to die. [¶] I do believe that the sentence initially imposed is just, and that it would not be just to strike the enhancement, nor the punishment for that enhancement."

Based on these findings, the trial court declined to exercise its discretion to strike the firearm enhancement under section 1385, ruling "the sentence that was originally imposed remains imposed in [defendant]'s case."

Defendant appeals.

DISCUSSION

Section 1385 grants trial courts the discretion to strike or dismiss an enhancement or the punishment for that enhancement if it is in the furtherance of justice to do so. (§ 1385, subds. (a), (b).) Under the former section 1385 effective through the end of 2021, trial courts were permitted to strike or dismiss an enhancement in the furtherance of justice but were not required to consider any specific factors. In 2021, the Legislature passed Senate Bill No. 81 (2021-2022 Reg. Sess.), which amended section 1385 to add subdivision (c). (Stats 2021, ch. 721, § 1, eff. Jan 1, 2022.)

Under the amended law, unless dismissal is prohibited under an initiative statute, trial courts are now required to dismiss an enhancement if it is in the furtherance of

4

justice to do so. (§ 1385, subd. (c)(1).) In exercising its discretion, the court must "consider and afford great weight to" evidence of the mitigating circumstances listed in subparagraphs (A) through (I), "unless the court finds that dismissal of the enhancement would endanger public safety." (§ 1385, subd. (c)(2).) Significantly, section 1385, subdivision (c)(7) provides these changes "shall apply to all sentencings occurring after January 1, 2022." (See also Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Sen. Bill No. 81 (2021-2022 Reg. Sess.) as amended Apr. 27, 2021, par. 7 [clarifying the Legislature's intention that the provisions of Senate Bill No. 81 would not apply retroactively].)

Defendant does not argue the trial court erred in applying the law in effect at the time of the hearing. Rather, defendant contends the trial court improperly applied the version of section 1385 that went into effect two weeks later. Defendant also contends remand is necessary so the court may consider the new mitigating factors in the amended California Rules of Court.

We review the denial of a motion to strike an enhancement for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 371.) "[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Id.* at p. 377.)

Although the court said it applied both versions of section 1385, in explaining its ruling, it primarily discussed the application of the amended law. As noted, however, amended section 1385 was not intended to be retroactive, and defendant did not have the right to be sentenced under it. (See § 1385, subd. (c)(7).)

Defendant contends the court was correct to consider the amended statute. However, while it is the case that "a legislative body ordinarily intends for ameliorative changes to the criminal law to extend as broadly as possible" to provide for retroactive application, this is only assumed true "in the absence of contrary indications." (*People v. Superior Court (Lara)* (2018) 4 Cal.5th 299, 308.) Here, subdivision (c)(7) indicates the

5

Legislature intended the amendments to section 1385 to be prospective only. Thus, subdivision (c) is inapplicable to defendant, as are the new California Rules of Court adopted to reflect the addition of that subdivision. The former law required only that the trial court engage in a furtherance of justice analysis, which the record shows the court did here, and defendant does not argue that the court erred in doing so.

DISPOSITION

The judgment is affirmed.


/s/
Robie, Acting P. J.



We concur:



/s/
Hull, J.



/s/
Mauro, J.

6